UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND FLORES,<br><br>                    Plaintiff,<br><br>      v.<br><br>TESLA, INC.<br><br>                    Defendant. | Case No. 1:23-cv-01735-CDB<br><br>ORDER TO SHOW CAUSE IN WRITING WHY THIS ACTION SHOULD NOT BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION<br><br>(Doc. 1)<br><br>**<u>TWENTY-ONE-DAY DEADLINE</u>** |

On December 18, 2023, Plaintiff Raymond Flores ("Plaintiff") filed a complaint for injunctive relief against Defendant Tesla, Inc. ("Defendant"). (Doc. 1). Plaintiff raises the following state law claims against Defendant: (1) violation of California Civil Code § 1750, *et seq.*, California's Consumer Legal Remedies Act; (2) violation of California Business & Professions Code § 17500, *et seq.*, False Advertising Law; (3) violation of California Business & Professions Code § 17200, *et seq.*, Unfair Business Practices; and (4) violation of California Business & Professions Code § 17200, *et seq.*, Unlawful Business Practices. *Id.* at 14-20. Plaintiff asserts this Court has jurisdiction because "[t]he value of injunctive relief sought by Plaintiff exceeds the minimal jurisdiction limits of the Superior Court and will be established according to proof at trial." *Id.* at ¶ 6.

The burden of establishing subject matter jurisdiction "rests upon the party asserting

jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *see Romero v. Securus Techs., Inc.*, 216 F. Supp. 3d 1078, 1085 (S.D. Cal. 2016) ("As the party putting the claims before the court, Plaintiffs bear the burden of establishing jurisdiction."). The Court may consider the issue of subject matter jurisdiction *sua sponte* at any time during the proceedings, and if the Court finds "it lacks subject matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *Scholastic Ent., Inc. v. Fox Ent. Grp., Inc.*, 336 F.3d 982, 985 (9th Cir. 2003). As discussed below, the complaint fails to sufficiently plead federal jurisdiction.

First, 28 U.S.C. § 1331 grants federal courts jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States ... The general rule, referred to as the "well-pleaded complaint rule," is that a civil action arises under federal law for purposes of § 1331 when a federal question appears on the face of the complaint. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). "[F]ederal jurisdiction depends solely on the plaintiff's claims for relief and not on anticipated defenses to those claims." *City of Oakland v. BP PLC*, 969 F.3d 895, 903 (9th Cir. 2020) (internal quotations omitted). Here, Plaintiff's complaint asserts state law claims against Defendant. (Doc. 1). Thus, federal question jurisdiction is inapplicable to this case.

Second, under 28 U.S.C. § 1332(a) a district court has diversity jurisdiction of a civil action where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and the dispute is between "citizens of different states." "Generally, the amount in controversy is determined from the face of the pleadings." *Crum v. Circus Circus Enterprises*, 231 F.3d 1129, 1131 (9th Cir. 2000). The party asserting diversity jurisdiction must prove that the amount in controversy exceeds $75,000. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003). "Conclusory allegations as to the amount in controversy are insufficient." *Id*. at 1090-91.

In his complaint, Plaintiff pleads this Court has jurisdiction because "the value of injunctive relief sought by Plaintiff exceeds the minimal jurisdiction limits of the Superior Court." (Doc. 1 at ¶ 6). In actions seeking declaratory or injunctive relief, the amount in controversy is measured by the value of the object of the litigation. *Corral v. Select Portfolio*

*Servicing, Inc.,* 878 F.3d 770, 775 (9th Cir. 2017); *Chapman v. Deutsche Bank Nat'l Trust Co.*, 651 F.3d 1039, 1045 n.2 (9th Cir. 2011). Generally, the amount in controversy is assessed through the "either viewpoint rule," meaning that the amount in controversy in the case is the pecuniary result to either party which the judgment would directly produce. *Corral*, 878 F.3d at 775.

Here, it is not facially evident from the complaint that the amount in controversy is and/or exceeds $75,000. Plaintiff's complaint does not estimate the value of injunctive relief. Plaintiff only asserts he has suffered an "ascertainable loss of money, property, and/or value of their Tesla Vehicles" and that "Tesla has improperly acquired money from Plaintiff." (Doc. 1 at ¶¶ 4, 51, 68). Because on the face of the complaint the $75,000 amount in controversy requirement does not appear to be met, the Court finds that Plaintiff's complaint fails to sufficiently plead cognizable state law claims over which this Court may assert subject matter jurisdiction. *See, e.g.*, *Murphy v. Finish Line, Inc.*, No. 20-cv-05663-WHO, 2020 WL 5884683, at *3 (N.D. Cal. Oct. 5, 2020) (complaint's conclusory allegation that value of relief "exceeds the minimal jurisdictional limits of the Superior Court" deemed insufficiently specific to establish the amount in controversy).

Accordingly, for the aforementioned reasons, IT IS HEREBY ORDERED that within twenty-one days of this order, Plaintiff shall show cause in writing why this action should not be dismissed for lack of subject matter jurisdiction, given the Complaint has not adequately plead that the $75,000 amount in controversy requirement has been met. In the alternative, Plaintiff is granted leave to file an amended complaint within twenty-one days of this order if in good faith Plaintiff can remedy the deficiency in his current pleadings as discussed above. *See* Fed. R. Civ. P. 15(a)(2) ("[t]he court should freely give leave [to amend] when justice so requires."); *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

IT IS SO ORDERED.

Dated:   **December 21, 2023**                          _____
                                                                                      UNITED STATES MAGISTRATE JUDGE

3